NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDY L. TAYLOR, | No. 16-35594 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-00284-SB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted April 27, 2018**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Cindy Taylor appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Taylor's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's order de novo, and the agency's decision for substantial evidence. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). We reverse and remand for further proceedings.

The Administrative Law Judge ("ALJ") failed to provide clear and convincing reasons supported by substantial evidence to support her conclusion that Taylor's testimony was not entirely credible regarding the intensity of her symptoms. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ improperly discredited Taylor's testimony based on limited medical treatment without adequately considering Taylor's explanation that additional or better health care was not available from her no-cost health care provider. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

Second, the ALJ erred in discrediting Taylor's testimony on the basis that she was not compliant with her medications, because the record does not support a determination that medication noncompliance affected Taylor's symptoms. *See Trevizo v. Berryhill*, 871 F.3d 664, 681 (9th Cir. 2017).

Third, the ALJ erred in discrediting Taylor's testimony concerning her daily activities. *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (inconsistent testimony may support an adverse credibility finding). The ALJ rejected Taylor's testimony that anger issues prevented her from working with other people, finding that this testimony was inconsistent with Taylor's ability to call on numerous

16-35594

friends for support. However, the ALJ's finding is not supported by the record, because Taylor's testimony was not inconsistent. Instead, she testified that she also avoided her friends because she couldn't "even put up with them most of time."

We reject as unsupported by the record the government's argument that the ALJ found Taylor not credible based on her application for unemployment benefits.

Assuming that Taylor's testimony regarding her physical impairments was not supported by the objective medical evidence, the ALJ cannot properly rely on that as the sole reason to discredit her testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (explaining that lack of objective medical evidence cannot be the sole reason to discredit claimant testimony). We may not affirm the ALJ based on additional evidence in the record that the ALJ did not rely upon. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (concluding that the court can rely only on the grounds offered by the ALJ to affirm the Commissioner's decision).

The ALJ did not have a duty to develop the record further concerning Taylor's mental limitations. *See McLeod v. Astrue,* 640 F.3d 881, 885 (9th Cir. 2011). The agency's reviewing mental experts sufficiently translated the examining expert's opinion into specific social interaction limitations.

16-35594

Taylor argues that the ALJ erred by concluding at Step 2 that her bipolar disorder was not a severe impairment. We find that any error is harmless, because the ALJ considered Taylor's bipolar-related limitations in determining Taylor's residual functional capacity. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) ("Step two is merely a threshold determination, meant to screen out weak claims.").

Taylor waived any challenge to the ALJ's review of the lay evidence by failing to argue the issue with any specificity in her opening brief. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008).

Remand for further proceedings is proper because outstanding issues in the record remain that must be resolved before a determination of disability can be made, including further developing the record regarding Taylor's social limitations and weighing Taylor's testimony with the other evidence. *See Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2018) (explaining that remand for further administrative proceedings is appropriate when there are additional issues to be resolved prior to any determination of disability).

**REVERSED AND REMANDED.**

16-35594