NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY J. MEGYESI, | No. 17-17380 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02140-JJT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted July 10, 2019
Portland, Oregon

Before:  FERNANDEZ, GRABER, and OWENS, Circuit Judges.

Timothy Megyesi appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

Security Act.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and

remand for further proceedings.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.      We lack jurisdiction to review Megyesi's argument that the administrative law judge ("ALJ") failed to comply with particular aspects of the Appeals Council's remand order.  The Social Security Act limits judicial review to "any *final* decision of the Commissioner."  42 U.S.C. § 405(g) (emphasis added).  Where, as here, the Appeals Council declines to review the ALJ's subsequent decision, that decision becomes the Commissioner's final decision.  *See Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018).  Thus, while we have jurisdiction to review whether the decision is supported by substantial evidence and a correct application of the law, the scope of our review does not encompass whether the ALJ complied with a prior intra-agency order.  *See id.* at 875.

2.      The ALJ erred in assessing the various medical source opinions.  First, the ALJ committed legal error by failing even to mention the opinion of treating physician Dr. Charochak, who had a long-term relationship with Megyesi that included over 60 clinic visits between 2008 and 2011.  *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion . . . , he errs."); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) (stating that "not mentioning the treating physician's opinion" is "legal error").  And, under the circumstances of this case, we cannot confidently conclude that this error was harmless.  *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("[W]here the magnitude of an ALJ error is more significant, then

2

the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless.").

In addition, the ALJ failed to provide specific and legitimate reasons that are supported by substantial evidence for partially rejecting the opinions of treating physician Dr. Page and examining physician Dr. Peachey, and assigning "great" weight to the opinions of the agency nonexamining physicians, Drs. Tella and Fina. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."). Instead, the ALJ cited whole exhibits without identifying specific conflicts. *See Garrison*, 759 F.3d at 1012 (explaining that the substantial evidence requirement is satisfied if the ALJ "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings" (citation omitted)). We cannot affirm the ALJ's partial rejection of Drs. Page's and Peachey's opinions where "the complete lack of meaningful explanation gives this court nothing with which to assess its legitimacy." *Robbins v. Soc. Sec. Admin*, 466 F.3d 880, 884 (9th Cir. 2006).

Again, this error is not harmless. The vocational expert confirmed that, if the ALJ accepted the opinions of Drs. Page and Peachey, Megyesi would be

3

deemed unable to perform his past relevant work. In other words, Megyesi would have met his burden at step four of the five-step sequential evaluation process for determining disability, and the ALJ would have continued to the fifth and final step to determine whether Megyesi can perform other work that exists in the national economy. *See* 20 C.F.R. §§ 404.1520, 416.920.

3.      The ALJ did not err in concluding that Megyesi was not entirely credible. The ALJ provided clear and convincing reasons for discounting Megyesi's testimony concerning the intensity, persistence, and limiting effect of his physical impairments. *See Lingenfelter*, 504 F.3d at 1036 (explaining that "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so" (citation omitted)). For example, the ALJ reasonably found that Megyesi's alleged symptoms were inconsistent with his self-reported ability to walk one to two miles, sweep and mop floors, prepare meals, and drive short distances. The ALJ also cited specific examination notes and diagnostic imaging records that were inconsistent with Megyesi's testimony about the limitations caused by his carpal tunnel syndrome and degenerative disc disease.

4.      Remand for an award of benefits is not the appropriate remedy here because further determinations are necessary to decide whether Megyesi is disabled. *See Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2018) (explaining

4

that the "credit-as-true" rule "permits . . . a direct award of benefits on review but only where . . . there are no outstanding issues on which further proceedings in the administrative court would be useful"). Accordingly, we vacate and remand with instructions to the district court to remand to the ALJ for further proceedings. The ALJ should reassess the medical opinions, including addressing Dr. Charochak's opinion that was previously ignored and revisiting Drs. Page's and Peachey's opinions.

Each party shall bear its own costs on appeal.

**VACATED AND REMANDED**.