**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTIN A. SCHIAFFINO, | No. 18-35853 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05541-RSM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted December 13, 2019
Seattle, Washington

Before: GOULD and BERZON, Circuit Judges, and BENITEZ,** District Judge.

Martin Schiaffino appeals the district court's judgment affirming the Social

Security Administration's final decision to deny Schiaffino's application for

disability benefits. The Administrative Law Judge ("ALJ") determined that

Schiaffino was not disabled. We review *de novo* the district court's order affirming

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
**       The Honorable Roger Thomas Benitez, United States District Judge for the Southern District of California, sitting by designation.

the Social Security Administration's denial of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014). Social Security ALJ decisions are reviewed for legal error and substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).

The ALJ committed errors that were not harmless. We reverse and remand for further proceedings.

1. The ALJ impermissibly discounted the opinion of the examining medical professional, Dr. Thompson. "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (alteration in the original) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). The ALJ gave Dr. Thompson's opinion "minimal weight" on the grounds that it was not "fully consistent" with other evidence and that Dr. Thompson's assessment of Schiaffino's limitations "lack[ed] specificity." Neither reason comports with the record.

Dr. Thompson's opinion is "fully consistent" with the record. The only inconsistency cited by the ALJ is that "during his examination with Dr. Thompson, the claimant presented as leaning forward with his head down facing the ground during most of the examination," whereas other medical records "do not document similar presentation." Not so. The medical records document that Schiaffino often

2

had a "tense" affect, and had "minimal eye contact" with the doctor during multiple visits but sometimes had "good" eye contact. The fact that "symptoms wax and wane in the course of treatment" is to be expected; it does not create an inconsistency. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Dr. Thompson's opinion is consistent with the record.

The ambiguity in Dr. Thompson's opinion does not provide a clear and convincing reason for discounting her uncontradicted opinion. Dr. Thompson concluded that "[t]he likelihood of the claimant's mental health condition improving in the next 12 months is guarded. His symptoms are severe. He is angry and has low frustration tolerance." She also opined that Schiaffino's "ability adapt to routine changes in a typical work setting is likely to be impacted by reported depressed mood, increased anxiety, low frustration tolerance, difficulty getting along with others, anger, insomnia, and variable mood." The ALJ found Dr. Thompson's opinion ambiguous because "her assessment that [Schiaffino] is 'likely to' have difficulty in adapting to changes does not quantify the extent of this difficulty."

The ALJ erred by dismissing the ambiguous opinion when it should have further developed the record. "Social Security proceedings are inquisitorial rather than adversarial." *Sims v. Apfel*, 530 U.S. 103, 111–12 (2000). An ALJ has a duty to develop the record further "when there is ambiguous evidence or when the

record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001); *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014). Dr. Thompson was the only examining medical professional who opined on Schiaffino's ability to work, and she opined that his "severe" symptoms would result in work limitations. Because more weight is due to the opinion of an examining medical professional than to a nonexamining one, *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995), the ALJ's analysis might have changed if Dr. Thompson was given the opportunity to clarify her opinion.

2. The ALJ also erred in rejecting the VA's determination that Schiaffino was disabled. An "ALJ must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ may only discount a VA disability rating "if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.*

None of the ALJ's stated reasons for rejecting the VA rating are valid. First, the ALJ rejected the VA disability determination because of the different evidentiary burdens in VA and Social Security proceedings, but it failed to suggest or explain how those standards differ materially as applied here. The district court correctly rejected this reason as a basis for discounting the VA rating.

Second, the ALJ concluded that Schiaffino's medical record was "inconsistent with disabling mental health limitations" because "[t]he claimant has

4

had no significant therapy or counseling since May 2013" and he has never been "hospitalized due to mental disorders." Hospitalization is not required to show that mental health conditions such as PTSD, OCD, and anxiety are disabling from employment. The ALJ recognized that Schiaffino does see a psychiatrist regularly, but faulted him for not going more often. "[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."[1] *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quotation omitted).

Third, the ALJ discounted the VA's disability determination because it found several of Schiaffino's activities inconsistent with "social and cognitive functioning" that is "limited to the extent that all work would be prohibited." "While a claimant need not vegetate in a dark room in order to be eligible for benefits," the ALJ may discount evidence of disability "when the claimant reports participation in everyday activities indicating capacities *that are transferable to a work setting*." *Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012) (emphasis added) (internal quotations and citations omitted). The ALJ cited several activities of Schiaffino, but they do not show capacities transferrable to a work setting.[2] For

---

[1] In *Nguyen*, the claimant suffered from depression, *id.*, but the observation that a mental health impairment may impact a claimant's judgment regarding their own treatment is similarly applicable to PTSD, OCD, and anxiety.
[2] Earlier in the ALJ's decision, the ALJ discounted Schiaffino's credibility as a historian of his own symptoms because she concluded that Schiaffino's activities

example, during a family trip to Disneyland, Schiaffino "took more [anti-anxiety medication] than prescribed" and coped with his anxiety and frustration levels by taking as many breaks as needed to "take time out to get away from crowds." Schiaffino is unlikely to be able to take unlimited breaks to combat his anxiety, PTSD, and OCD while employed. And many of the activities cited by the ALJ, such as "go[ing] out to the woods, shoot[ing] for relaxation, . . . running four miles a day, [and] going four wheeling" are solitary activities consistent with Schiaffino's social limitations. Because the cited activities do not show "capacities that are transferable to a work setting," *see id.*, they are not "persuasive, specific, valid reasons for" discounting the VA disability rating. *McCartey*, 298 F.3d at 1076.

3. These errors are not harmless. The ALJ's assessment of Schiaffino's residual functional capacity ("RFC") may well change once Dr. Thompson's opinion is clarified and given due consideration, and the VA's disability determination is given proper weight.

4. An award of benefits by this court is not appropriate, because the record is not "free of conflicts, ambiguities, or gaps." *Leon v. Berryhill*, 880 F.3d 1041,

---

such as running four miles a day and visiting Disneyland were inconsistent with the symptom severity he reported. The ALJ discussed the same activities in the context of the VA rating, and concluded that the activities showed an ability to work. Transferability to a work setting is relevant here, although not relevant to an evaluation of Schiaffino's reliability as a historian.

1047 (9th Cir. 2017). The ALJ discounted Dr. Thompson's opinion because it found that the opinion was ambiguous as to the extent of Schiaffino's limitations. As clarification from Dr. Thompson is needed before a proper decision on the award of benefits can be made, we remand for further proceedings.

**REVERSED AND REMANDED.**