**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEOPOLDO N. LEON,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br>*Defendant-Appellee.* | No. 15-15277<br><br>D.C. No.<br>2:14-cv-00093-<br>DGC<br><br><br>ORDER AND<br>AMENDED<br>OPINION |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 12, 2017[*]
San Francisco, California

Filed November 7, 2017
Amended January 25, 2018

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  J. Clifford Wallace and Milan D. Smith, Jr.,
Circuit Judges, and Ralph R. Erickson,[**] District Judge.

Order;
Opinion by Judge Wallace

---

### SUMMARY[***]

---

### Social Security

Amending the opinion filed on November 7, 2017, the panel affirmed the district court's decision to remand for further administrative proceedings in a claimant's action seeking Title II disability insurance benefits under the Social Security Act; and clarified that remand to the administrative law judge ("ALJ") should be with an open record on the issue of whether the claimant's fatigue related to his capacity to undertake full time employment.

The "credit-as-true rule" permits, but does not require, a direct award of benefits on review but only where the ALJ has not provided sufficient reasoning for rejecting testimony and there are no outstanding issues on which further proceedings in the administrative court would be useful. Under these circumstances, if a claimant's testimony is credited as true, an award of benefits may be appropriate.

---

[**] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101–02 (9th Cir. 2014).

The panel held that the district court erred in its application of the three-step credit-as-true rule, outlined in *Varney v. Secretary of Health & Human Services*, 859 F.2d 1396, 1400–01 (9th Cir. 1988), because contrary to the district court's order, the *Varney* rule did not require the court to remand for an immediate award of benefits when the three *Varney* rule conditions were met.

The panel held that the ALJ in this case failed to consider evidence related to claimant's claim of fatigue properly. The panel further held that the rare circumstances that result in a direct award of benefits on review were not present in this case. The panel held that on remand the district court should specify the scope of its remand. The panel remanded on an open record because there was serious doubt as to whether claimant was in fact disabled given that the district court upheld the ALJ's other findings. In addition, the panel directed that on remand because the ALJ relied on Dr. McLean's opinion in discrediting claimant's fatigue testimony and the record was not developed thoroughly on the issue of claimant's fatigue, claimant should be allowed to cross-examine the Commissioner's medical consultants on the sole issue of his fatigue.

**COUNSEL**

Eric G. Slepian, Phoenix, Arizona, for Plaintiff-Appellant.

Erin Highland and Jordan D. Goddard, Assistant Regional Counsel; Mathew W. Pile, Acting Regional Chief Counsel, Seattle Region X; Elizabeth A. Strange, First Assistant United States Attorney; Office of the General Counsel, Social Security Administration, Seattle, Washington; for Defendant-Appellee.

---

**ORDER**

The Opinion filed on November 7, 2017 is amended as follows:

At page 12, line 18 through page 13, line 2, delete <Accordingly, on remand Leon shall be permitted to cross-examine the Commissioner's medical consultants, but only to the extent such cross-examination concerns the issue of Leon's fatigue.> and replace with <Because the ALJ relied on Dr. McLean's opinion in discrediting Leon's fatigue testimony and the record has not been developed thoroughly on the issue of Leon's fatigue, Leon shall be allowed to cross-examine the Commissioner's medical consultants on the sole issue of his fatigue.>

The petition for panel rehearing is denied.

**OPINION**

WALLACE, Circuit Judge:

The credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court. The rule itself permits, but does not require, a direct award of benefits on review but only where the administrative law judge (ALJ) has not provided sufficient reasoning for rejecting testimony and there are no outstanding issues on which further proceedings in the administrative court would be useful. Then, and only under these circumstances, if a claimant's testimony is credited as true an award of benefits *may* be appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101–02 (9th Cir. 2014). Once the claimant's testimony on the severity of his symptoms is credited as true, *see Varney v. Secretary of Health & Human Services.*, 859 F.2d 1396, 1400–01 (9th Cir. 1988), then the court should "determine whether the record, taken as a whole, leaves 'not the slightest uncertainty as to the outcome of [the] proceeding.'" *Treichler*, 775 F.3d at 1101, *quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969). An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule. *Id.* at 1100. Here, the petitioner argues that we should reverse the district court's remand and direct the district court to award benefits. We affirm the district court but clarify the remand order.

I.

Petitioner Leon has a sixth-grade education and is a former landscaper and foreman. The ALJ found he had developed severe impairments including degenerative joint

disease of the knees, degenerative disc disease of the lumbar spine, diabetes with nephropathy, and hypertension. Leon testified that he also suffered from other impairments that the ALJ ultimately concluded were not supported by medical evidence, including renal failure, poor vision, obstructive sleep apnea, fibromyalgia, rheumatoid arthritis, depression, and anxiety. While he is not capable of performing past work, the ALJ found that Leon has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), with some physical limitations. At issue in this appeal is Leon's alleged fatigue due to a combination of impairments and medications, and whether the extent of the fatigue is so extreme that it would prevent him from undertaking full time employment in a job identified by a vocational expert before the agency.

## II.

Leon filed a Title II application for disability insurance benefits on September 27, 2010. This followed prior applications in 2009 that were denied on February 5, 2010, and the period of disability now at issue began on February 6, 2010. We do not review the applications denied prior to that date. After initial denial and reconsideration, Leon appeared and testified at a hearing on June 11, 2012, and the ALJ issued its decision shortly thereafter, finding Leon was not disabled under sections 216(i) and 223(d) of the Social Security Act.

Leon appeals from the district court's order remanding for further proceedings the final decision of the Commissioner of Social Security. Although the district court remanded to the agency for further proceedings, Leon may appeal from that order because the relief requested, a direct award of benefits,

was not granted. *See Forney v. Apfel*, 524 U.S. 266, 271 (1998). We have jurisdiction under 28 U.S.C. § 1291, and we review the decision to remand for further proceedings for abuse of discretion. *Treichler*, 775 F.3d at 1100. All other issues are reviewed de novo. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## III.

When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits. *Treichler*, 775 F.3d at 1099. Where an ALJ improperly rejects a claimant's pain testimony as incredible without providing legally sufficient reasons, the reviewing court may grant a direct award of benefits when certain conditions are met. *Varney*, 859 F.2d at 1400–01. The three-part analysis for such conditions is known as the "credit-as-true" rule. *Garrison*, 759 F.3d at 1019. First, we ask whether the "ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id*. at 1020. Next, we determine "'whether there are 'outstanding issues that must be resolved before a disability determination can be made,' . . . and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101, *quoting Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). When these first two conditions are satisfied, we then credit the discredited testimony as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability. *Id.*

The application of the *Varney* rule for a direct award of benefits was intended as a rare and prophylactic exception to the ordinary remand rule when there is no question that a

finding of disability would be required if claimant's testimony were accepted as true. *Id*. As emphasized in *Treichler*, the three-step *Varney* rule may result in a direct award of benefits only if the first two conditions are satisfied and further administrative proceedings would not be useful. Even if we reach the third step and credit the claimant's testimony as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings. *Id*. In these circumstances, the ALJ's failure to provide sufficient reasoning despite a fully developed record, without any conflicts, gaps, or ambiguities, does not automatically result in a determination that the claimant is therefore credible and should be awarded benefits immediately. Before *Treichler*, our court prescribed "flexibility" even when a claimant would be otherwise entitled to benefits under the credit-as-true analysis in *Varney*, when the record as a whole creates serious doubt as to disability. *Garrison*, 759 F.3d at 1021. An award under this rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis. "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler*, 775 F.3d at 1105.

*Treichler*, which was not available to the district judge as it was published only days after the district court's order, examined the extent of that "flexibility," emphasizing the court's discretion is a departure from the ordinary remand rule. *See id.* at 1101. Contrary to the district court's order, the *Varney* rule does not require the court to remand for an immediate award of benefits when the three *Varney* rule conditions have been satisfied. Further consideration of the record is needed to proceed to a disability determination without serious doubt.

IV.

The ALJ in this case failed to consider evidence related to Leon's claim of fatigue properly. An ALJ must make two findings before making a credibility determination. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment." *Id.* at 1102, *quoting Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Then, if such evidence is introduced and "the ALJ has not determined that the claimant is malingering, the ALJ must provide 'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Id.*, *quoting Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). While the ALJ found that Leon had "not described significant fatigue to his doctors" and only one doctor had observed sleepiness, the record indicates that two nurse practitioners also observed Leon's symptoms of fatigue. At the time Leon's claim was filed, the opinions of nurse practitioners as treating sources were not given the same weight as physicians' opinions. Prior to March 27, 2017, nurse practitioners were not included in the Social Security Administration's definition of medical sources, but the ALJ was required, at the least, to provide germane reasons for rejecting testimony that corroborates a claimant's pain testimony. *See Taylor v. Comm'r of Soc. Sec. Admin*, 659 F.3d 1228, 1234 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1527 (evaluating opinion evidence for claims filed before March 27, 2017).

Leon testified that his impairments and medications cause him sleep loss and extreme fatigue, and require him to take several naps per day. He also testified that his medications require him to lie down for thirty to sixty minutes at a time. Furthermore, he testified that he frequently faints. Leon's

stepdaughter corroborated his fatigue testimony. A germane explanation is required to reject lay witness testimony, such as that of Leon's stepdaughter, who stated that he wakes in the night with pain, and the ALJ failed to provide any such explanation. *Taylor*, 659 F.3d at 1234; *see also Treichler*, 775 F.3d at 1098. Nor did the ALJ provide clear and convincing reasons for rejecting Leon's testimony about his fatigue. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (if an ALJ provided clear and convincing reasons for rejecting a claimant's subjective complaints, and lay testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting the lay witness testimony).

Without the benefit of *Treichler*, the district court did not apply the credit-as-true standard properly here. The district court found that the ALJ committed legal error because she "did not give clear and convincing reasons for rejecting Plaintiff's testimony about his fatigue." This satisfies the first part of the analysis. But *Treichler* provides a second part of the analysis that asks "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101 (citations and internal quotation marks omitted). A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether any issues are outstanding, as "this reverses the required order of analysis." *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).

The second step of the credit-as-true analysis requires us to determine whether the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps.

*Treichler*, 775 F.3d at 1103; *see also Dominguez*, 808 F.3d at 410 (district court did not abuse its discretion in remanding to the ALJ for further proceedings where there were "inconsistencies, conflicts, and gaps, in the record"). When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary. *See Varney*, 859 F.2d at 1399 (9th Cir. 1988).

Leon testified quite clearly that he sleeps poorly at night due to sleep apnea, and that he believes his medications cause drowsiness. He testified that he needs to take two to three naps during the day, lasting between 15 minutes and one hour. He also testified that he would be required to miss work sometimes due to pain. The record does not reflect that any of his doctors observed fatigue to this extent, although he has been treated for sleep apnea and was prescribed use of a CPAP machine to assist with his sleep. In *Brown-Hunter v. Colvin*, 806 F.3d 487, 495–96 (9th Cir. 2015), we held that although the ALJ committed legal error, further administrative proceedings were useful because questions existed about the extent to which the claimant's symptoms rendered her disabled—much as is the case here. Remand is also useful here because "the presentation of further evidence . . . may well prove enlightening in light of the passage of time," regarding whether Leon's symptoms are or would be significantly reduced with proper use of the CPAP machine. *Treichler*, 775 F.3d at 1101 (internal quotation marks omitted).

Even if the record was fully developed and the improperly discredited evidence is credited as true, it is not certain that the ALJ would be required to find Leon legally disabled under the third part of the credit-as-true standard. For

instance, although a doctor and two nurse practitioners observed Leon's fatigue, and Leon's stepdaughter confirmed that he sleeps during the day, it is unclear whether Leon needs to sleep during working hours, or that his fatigue would cause him to miss so much work that the ALJ is certain to make a disability finding.

The rare circumstances that result in a direct award of benefits are not present in this case. We have previously awarded benefits without further administrative proceedings only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits. For example, in *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017), the ALJ failed to provide clear and convincing reasons supported by substantial evidence to disregard the treating physician's opinion. The physician treated the claimant extensively and examined her at least 16 times in four years. *Id.* at 677. The medical opinion was supported by other doctors' diagnoses, and a vocational expert addressed the physical limitations outlined by the physician and testified that the claimant was unable to do any full-time work. *Id.* at 683. The ALJ rejected the claimant's pain testimony because the pain was not as severe as alleged, although the claimant's testimony as to her own limitations was not inconsistent with the medical opinions and observations in the record. *Id.* at 679–80. The administrative record in *Trevizo* was extensive and without inconsistencies in the claimant's primary physician's medical opinions. Furthermore, the vocational expert in that case "specifically opined regarding the inability of an individual with Trevizo's physical and intellectual limitations as described by [the physician] to sustain work." *Id.* at 683. The analysis in *Trevizo* supports its holding that "exceptional facts" weighed

strongly in favor of an immediate payment of benefits, and that further development of the administrative record would not be useful. *Id.* The circumstances in Leon's case are not such, and we do not reach step three in crediting his pain testimony as true for the purpose of a disability determination, because at step two, it is clear that further administrative proceedings are needed to make a disability determination.

Unaided by *Treichler*, the district court did not specify the scope of its remand. On remand, the district court should do so. If Leon's testimony is credited as true, the district court found there was insufficient testimony from the vocational expert to require a finding of disability. But because the district court did not consider the second part of the credit-as-true standard properly, we remand on an open record because there is serious doubt as to whether Leon is in fact disabled, given that the district court upheld the ALJ's other findings. *See Brown-Hunter*, 806 F.3d at 495 ("We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled . . . .") (internal quotation marks omitted).

## V.

We **AFFIRM** the district court's decision to remand for further administrative proceedings, but instruct the district court to remand to the ALJ consistent with *Treichler*'s requirements, with an open record on the issue of Leon's fatigue related to his capacity to undertake full time employment. Because the ALJ relied on Dr. McLean's opinion in discrediting Leon's fatigue testimony and the record has not been developed thoroughly on the issue of Leon's fatigue, Leon shall be allowed to cross-examine the

Commissioner's medical consultants on the sole issue of his fatigue.

**AFFIRMED** in part with instructions.