**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 6 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIME GARCIA CARDENAS, | No.   17-15308 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01140-EDL |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted June 15, 2018
San Francisco, California

Before:  MURPHY,** PAEZ, and IKUTA, Circuit Judges.

Jaime Garcia Cardenas appeals the district court's order granting summary

judgment in favor of the Commissioner of Social Security (the "Commissioner")

and upholding the denial of disability insurance benefits under Title II of the Social

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Michael R. Murphy, United States Circuit Judge for
the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Security Act, 42 U.S.C. §§ 416, 423.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

**1.**  The administrative law judge ("ALJ") did not err in affording limited weight to the opinion of Cardenas's former treating physician, Dr. Lawler, which was contradicted in certain respects by the opinion of non-examining medical expert Dr. Schmitter.  The ALJ gave several reasons for affording limited weight to Dr. Lawler's opinion, including that he was unfamiliar with Cardenas's physical limitations during the relevant time period.  Such a reason is "specific and legitimate" and supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *see also* 20 C.F.R. § 404.1527(c)(2)(i)–(ii).

We reject Cardenas's argument that the ALJ erred in not attempting to resolve an ambiguity in Dr. Lawler's opinion form.  The ALJ noted that the form "does not state to what time period it refers."  Regardless of the time period referenced in the form, Dr. Lawler lacked first-hand knowledge of Cardenas's condition during the relevant period for purposes of finding disability, April 2008– December 2008, as Dr. Lawler did not treat or examine Cardenas within seven months of that period.[1]  Thus, the ambiguity in Dr. Lawler's opinion form was

---

[1] The Commissioner denied Cardenas's prior application for benefits on April 9, 2008, and the date of last insured for the present application is October 31, 2008. Cardenas stopped seeing Dr. Lawler after August 27, 2007, except for one examination on October 19, 2009.

2

immaterial and so the ALJ was under no duty to attempt to resolve it. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the ALJ's reliance on Dr. Lawler's limited interaction with Cardenas after August 2007 was proper, we need not consider the ALJ's other reasons for affording Dr. Lawler's opinion limited weight.

**2.** The ALJ's reasons for rejecting Cardenas's testimony as to his pain-related limitations were erroneous.[2] Substantial evidence does not support the ALJ's finding that Cardenas's activities of daily living—which consisted of basic household chores, as well as occasional walks and trips to the grocery store with his wife—were inconsistent with his "sit-stand" limitation. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The ALJ also reasoned that Cardenas's testimony was "not fully supported by the medical evidence of record," specifically, three "mild objective findings." The ALJ's reliance on the lack of support in the objective medical record, however, is insufficient to support the rejection of Cardenas's testimony as to his pain-related limitations.[3] *See Trevizo*, 871 F.3d at 679.

---

[2] Although Cardenas did not raise this issue before the district court until his reply brief, the district court nonetheless considered it. Accordingly, the issue is not waived on appeal. *See Tarabochia v. Adkins*, 766 F.3d 1115, 1128 n.12 (9th Cir. 2014).

[3] Although the ALJ also referenced Cardenas's failure to seek treatment from Dr. Lawler between August 2007 and October 2009, the ALJ did not rely on that fact

**3.** According to the vocational expert, if Cardenas's testimony regarding his sit-stand limitation were credited as true, then he is legally disabled. We decline to direct the award of benefits, however, because the record is not "free of conflicts, ambiguities or gaps." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017). For example, Cardenas's testimony conflicts with the testimony of Dr. Schmitter, and Dr. Schmitter's testimony is not entirely clear with respect to the parts of Dr. Lawler's opinion with which he agrees. Accordingly, we remand for further proceedings consistent with this disposition.[4]

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

when rejecting Cardenas's testimony. Thus, we do not consider Cardenas's failure to seek treatment to be a reason given by the ALJ for rejecting his testimony. *See Trevizo*, 871 F.3d at 682 n.10.

[4] Cardenas's arguments regarding the law of the case and rule of mandate are waived on appeal because he did not raise them before the district court. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).