NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YVONNE MARIE FORD, | No. 17-55430 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00013-JLS-NLS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted August 30, 2018**

Before:     LEAVY, TROTT, and SILVERMAN, Circuit Judges

Yvonne Marie Ford appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Ford's application for supplemental

security income under Title XVI of the Social Security Act.  We review de novo,

*Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014), and we reverse and

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remand.

Substantial evidence does not support the ALJ's reasons for rejecting the medical opinions of Drs. Sepulveda, Cabrejos, and Davis, Ford's treating psychiatrists. *See Garrison*, 759 F.3d at 1012 (requiring the ALJ to provide specific and legitimate reasons supported by substantial evidence to reject the opinions of treating physicians).

First, over half of Ford's mental status examinations found poor memory, tangential and circumstantial thought process, or both. These examinations examined as a whole do not support the ALJ's finding that her mental status examinations were "generally normal."

Second, Ford's last job was to provide in-home support services to her disabled daughter, a job that ended in August, 2011 because of Ford's deteriorating mental condition. Her daughter then entered residential care. Fourteen months later, in October 2012, Ford asked Dr. Lauren Gannon to provide her with "a note to say she can be her daughter's conservator." Dr. Gannon acceded to Ford's request because Ford appeared to Dr. Gannon to be "stable enough to do this." Accordingly, the doctor "wrote a letter stating this." The record does not explain what "this" was. The record is devoid of (1) an explanation of the type, duties, and responsibilities of this conservatorship; (2) Dr. Gannon's letter; and (3) whether or not Ford became her daughter's conservator. Moreover, the ALJ did not explain

17-55430

why Ford's request and her doctor's response to it was evidence that Ford was capable of full-time work. Nevertheless, the ALJ concluded that these undeveloped facts served in part to undermine Ford's treating psychiatrists' opinions. We respectfully disagree. These sparse facts do not support the inferences from them drawn by the ALJ. Thus, concluding that Ford's conservator request weighed against her psychiatrists' opinions was error.

Third, substantial evidence based on the record as a whole does not support the ALJ's conclusion that Ford's symptoms improved with medication. Numerous progress notes indicated that Ford's medications were not adequately controlling her symptoms, with some notes indicating that previously effective medication no longer worked. *See Garrison*, 759 F.3d at 1017 (explaining that the ALJ errs in relying on limited evidence of improvement when the record as a whole shows ongoing waxing and waning of symptoms with no clear improvement overall).

The ALJ erred in rejecting the opinion of Ms. Wang and Dr. Daroglou as to Ford's cognitive impairments. The ALJ's reason for rejecting this opinion was because it was "not supported by the objective medical evidence as discussed above." *See Garrison*, 759 F.3d at 1012 (requiring the ALJ to provide specific and legitimate reasons supported by substantial evidence to reject the opinions of treating or examining physicians). Because we conclude that the ALJ's evaluation of "the objective medical evidence" does not withstand scrutiny, this reason for

17-55430

discounting Ms. Wang's and Dr. Daroglov is equally defective.

The ALJ discredited Ford's testimony based in part because of what he considered to be relatively "benign medical evidence." We disagree with this characterization of the record.

Accordingly, on remand the ALJ shall reevaluate the medical opinions, considering them in the context of the medical record as a whole. In evaluating the medical opinions, the ALJ shall address the factors listed in 20 C.F.R. § 404.1527(c)(2)-(6). *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (concluding that failure to consider these factors "constitutes reversible legal error."). In addition, the ALJ shall revisit Ford's credibility and his assessment of Ford's residual functional capacity in light of the revised evaluation of the import of the medical evidence. The evidentiary record may be reopened as the ALJ determines to be necessary to reconsider his decision.

We do not consider any issues that are not specifically and distinctly raised in Ford's opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

Because the record as a whole contains ambiguities and important factual issues that have not been resolved, we remand for further administrative proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) (concluding that remand for an immediate award of benefits is not appropriate

when the record contains gaps and ambiguities that should be addressed by further administrative proceedings).

**REVERSED and REMANDED.**