**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEAVEN L. HOWLAND, | No. 18-36096 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05957-JLR |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted February 5, 2020[**]
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable John R. Tunheim, United States Chief District Judge
for the District of Minnesota, sitting by designation.

Heaven L. Howland appeals the district court's decision reversing and remanding for further administrative proceedings the Commissioner of Social Security's denial of her applications for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the judgment of the district court.

1.     Aside from the unchallenged finding that the Administrative Law Judge ("ALJ") harmfully erred in considering Dr. Hander's opinion, the ALJ did not further err in weighing the medical evidence. With respect to Dr. Gaffield, the ALJ reasonably interpreted Dr. Gaffield's opinion to mean that Howland could stand or walk for six hours out of an eight-hour workday with customary breaks and rest periods. Although Howland proposes an alternative reading, that does not establish that the ALJ's interpretation of Dr. Gaffield's opinion was unreasonable. *See Burch  v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Similarly, Howland does not explain the significance of the ALJ's failure to acknowledge that Dr. Gaffield did not review the CT and MRI scans that showed Howland's disc herniation. Because Howland bears the burden of demonstrating harmful error, her conclusory argument unsupported by authority or explanation fails. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (stating that the "burden of showing that an error is harmful normally falls upon

2

the party attacking the agency's determination" (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009))).

Next, the ALJ did not err in affording Dr. Rabie's opinion "great weight." Although Dr. Rabie's opinion predated Howland's alleged disability onset date by a few months, the ALJ explained that the opinion was particularly relevant, because it demonstrated that Howland's condition following her vehicle accident had "largely improved" within a year of the accident. The ALJ also afforded Dr. Rabie's opinion "great weight," because it was consistent with the objective medical evidence, Howland's performance during her physical examination, and Howland's own statements regarding her abilities. *See* 20 C.F.R. §§ 404.1527(c)(3)–(4), 416.927(c)(3)–(4). Ultimately, the ALJ's decision to afford Dr. Rabie's opinion "great weight" is supported by substantial evidence and is free of legal error. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

The ALJ also did not err in affording Dr. Kwock's opinion "great weight." Howland argues the ALJ erred because Dr. Kwock's opinion failed to "consider or account" for Howland's symptom testimony. However, as explained below, the ALJ did not harmfully err in discounting Howland's subjective symptom testimony. Thus, Dr. Kwock's failure to "consider or account" for this testimony is of diminished import. Additionally, the ALJ afforded Dr. Kwock's opinion "great

3

weight," because Dr. Kwock explained his opinion in detail, *see Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (noting that the weight afforded a non-examining physician's testimony depends on the extent to which the non-examining physician provides supporting explanations for the opinion), and Dr. Kwock's opinion was consistent with the limitations identified by Dr. Gaffield and Dr. Rabie, *see* 20 C.F.R. §§ 404.1527(c)(4); 416.927(c)(4). These findings are supported by substantial evidence.

Finally, the ALJ afforded "great weight" to Dr. Hander's opinion that Howland could perform "work at the light exertional level[,] except she could stand/walk for four hours and sit for more than six hours in a eight-hour day." Howland advances two arguments to show the ALJ erred in evaluating Dr. Hander's opinion. We do not address Howland's first argument, because it simply reiterates the grounds upon which the district court reversed.[1] As to the second argument, Howland argues that the ALJ erred by failing to acknowledge that, contrary to Dr. Hander's opinion that Howland "[was] improving," she was found

[1] The district court reversed and remanded for further administrative proceedings, because the ALJ harmfully erred when he failed to explain why he did not include Dr. Hander's four-hour standing or walking limitation in either his residual functional capacity ("RFC") assessment or the hypotheticals to the vocational expert. Appellee did not file a cross-appeal challenging this aspect of the district court's order.

4

disabled two months later. However, as the district court explained, the ALJ that issued the first decision in this matter, found that Howland's RFC "significantly declined starting on June 1, 2012, as she experienced a progressive worsening in physical health impacting her overall ability to engage in even basic activities of daily living." Thus, Dr. Hander's opinion was not invalidated simply because Howland's condition significantly deteriorated two months after the opinion was issued.[2]

2.      The ALJ did not harmfully err in discounting Howland's testimony, because the ALJ offered several "specific, clear and convincing reasons for doing so." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1015). Indeed, substantial evidence supports the ALJ's findings that Howland's testimony regarding the severity of her symptoms was inconsistent with the objective medical evidence and the medical record as a whole. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Additionally, the ALJ also

---

[2] Howland devotes a substantial portion of her opening brief to summarizing certain medical findings and then concludes that the findings support her testimony and confirm she was experiencing a severe mood disorder. Because Howland failed to specifically and distinctly argue these matters, we do not address them. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

highlighted "other inconsistencies" in Howland's file that further undermined the weight that could be given to Howland's testimony.

The ALJ did err in relying on Howland's daily activities to discount her subjective symptom testimony when the ALJ failed to explain how Howland's daily activities were inconsistent with her testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). But, because the ALJ offered other specific, clear and convincing reasons for discounting Howland's testimony, the ALJ's error is "inconsequential to the ultimate nondisability determination." *See Molina*, 674 F.3d at 1115 (quoting *Carmickle*, 533 F.3d at 1162).

3.   The ALJ gave germane reasons supported by substantial evidence for discounting the lay testimony of Howland's friend, Mr. James K. Wood, Jr. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1007 (9th Cir. 2015) (noting that, "to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness"). The ALJ recognized that Mr. Wood's statements largely expressed the same limitations described in Howland's own testimony, which the ALJ properly discounted. Thus, because the ALJ offered specific, "clear and convincing reasons for rejecting [Howland's] own subjective complaints, . . . it follows that the ALJ also gave germane reasons for rejecting [Mr. Wood's]

testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

4.     The ALJ's RFC assessment and step-five findings are not supported by substantial evidence, because the district court correctly determined (and Appellee does not challenge the finding) that the ALJ harmfully erred by failing to include Dr. Hander's four-hour standing/walking limitation in the ALJ's RFC assessment. *See Valentine*, 574 F.3d at 690. However, aside from the unchallenged harmful error identified by the district court, Howland's further arguments related to the ALJ's RFC and step-five findings are simply derivative of Howland's earlier arguments addressed and rejected above. Thus, Howland's further arguments fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

5.     The district court did not abuse its discretion by remanding the case for further proceedings rather than remanding for an automatic award of disability benefits under the credit-as-true test. *See Garrison*, 759 F.3d at 1020. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The district court determined that the appropriate remedy is to remand the case for further proceedings because, *inter alia*, "[t]here are conflicts in the medical evidence that the court is not in a position to decide."

The judgment of the district court reversing and remanding for further administrative proceedings is **AFFIRMED,** and the matter is **REMANDED** to the district court with instructions to remand for further administrative proceedings consistent with its previous order.