**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VERONICA L. WHITTY, | No. 19-35634 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05837-DWC |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted June 1, 2020**
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Veronica Whitty appeals the judgment of the district court affirming the

Commissioner of Social Security's denial of her claim for disability benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reviewing the district court's order de novo, we must affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence and free of legal error. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). We affirm.

Whitty filed a claim for disability benefits based on pain and diminished cognitive functioning. The Administrative Law Judge ("ALJ") found that Whitty was disabled beginning January 28, 2008. However, the ALJ denied benefits based on the finding that Whitty did not become disabled before March 31, 2007, the date of expiration of her insurance coverage.

Substantial evidence supports the ALJ's decision that Whitty did not have a severe impairment or combination of impairments before her date last insured. First, Whitty submitted only one piece of medical evidence dated during the relevant period: a report by her treating physician's assistant. According to that report, Whitty had recently experienced stress, but she "felt that she was doing reasonably well." The physician's assistant also reported that Whitty was "appropriately dressed and groomed," and that she answered questions appropriately. Also, Whitty became "appropriate[ly]" tearful when discussing her son's recent arrest. This physician's assistant's report does not compel the conclusion that Whitty had a severe impairment during the relevant period.

The ALJ also reasonably concluded that subsequently dated medical evidence did not relate back to the relevant period. Although disability may be

established by a retrospective diagnosis, *see Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1461 (9th Cir. 1995), none of Whitty's medical evidence contains a retrospective diagnosis. Because her subsequently dated medical evidence does not relate back to the relevant period, Whitty has no objective medical evidence of a severe impairment prior to her date last insured.

Second, the ALJ did not err in discrediting Whitty's subjective symptom testimony. The ALJ provided specific, clear, and convincing reasons to reject Whitty's testimony about the severity of her symptoms. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ rejected Whitty's testimony based on the "remarkably sparse" medical record during the relevant period and inconsistencies in her testimony.

Finally, the ALJ erred in only partially crediting the lay testimony of Carl Whitty ("Carl"), Whitty's ex-husband, without explanation, but this error was harmless. To discount lay witness testimony, the ALJ must give reasons germane to each witness. *Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2018). The ALJ recognized that Carl was in a "unique position to assess [Whitty's] functional abilities," and found Carl's opinions to be "consistent with the objective medical evidence." However, the ALJ gave only partial weight to Carl's opinions without giving any reason for doing so. This was error.

3

But this error was harmless because it was "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).  Here, Carl's testimony did not contradict the ALJ's nondisability determination.  Carl provided only limited information about Whitty's limitations during the relevant period.  Even if the ALJ had assigned full weight to Carl's testimony, his testimony does not establish that Whitty had a severe impairment during the relevant period.

**AFFIRMED.**