NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN SCOTT HANDEL,

Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No.    20-35485

D.C. No. 1:18-cv-01731-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 4, 2021[**]
Portland, Oregon

Before: W. FLETCHER and FRIEDLAND, Circuit Judges, and BLOCK,[***]
District Judge.

Brian Handel appeals from the district court's order affirming the denial of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

his application for disability insurance benefits under the Social Security Act. The administrative law judge ("ALJ") determined that Handel was not disabled under the Act because he had the residual functional capacity to perform light work. *See* 42 U.S.C. § 1382c(a)(3). Handel challenges the ALJ's residual functional capacity determination, arguing that the ALJ improperly rejected the medical opinions of his treating physicians, Handel's subjective testimony, and the testimony of a lay witness. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's order de novo and reverse only if the decision of the ALJ "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. The ALJ determined that Handel was last insured on December 31, 2016, meaning that he was required to establish that he was disabled on or before that date to be entitled to benefits. *Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017).

The ALJ did not commit reversible error when evaluating the medical evidence. Handel argues that the ALJ failed to consider a treating physician's note that Handel was "unable to sit or stand for any time [without] having to change position." This statement falls under the "subjective" section of the physician's notes and is thus not a "medical opinion" because it does not "reflect [the physician's] judgments about the nature and severity" of Handel's impairments.

20 C.F.R. § 404.1527(a)(1). Handel also argues that the ALJ failed to consider medical opinions from examinations that postdate his last date insured. "[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Here, however, the opinions Handel cites as improperly omitted from the ALJ's decision relate to Handel's recovery from a surgery he underwent in 2017, not to his condition more generally. Any error committed by the ALJ in refusing to consider this evidence was therefore harmless.

The ALJ gave specific, clear, and convincing reasons for discounting Handel's subjective testimony. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). Most notably, the ALJ cited Handel's contention that he became disabled on the same day that he was laid off from a job he had held for seven years, and Handel's receipt of unemployment benefits for a year after losing his job.[1] To collect unemployment benefits, Handel had certified that he was able and willing to work, and he also applied for other jobs. The fact that Handel held himself out as capable of working during the same period that he now claims he

---

[1] Handel testified that he was "forced to resign" due to his physical condition because he would get "snappy" when he was in pain. The ALJ rejected Handel's testimony and concluded that Handel's work "actually ended in a layoff" because Handel admitted that other employees were let go at the same time and the company was downsizing. Where, as here, "evidence is susceptible to more than one rational interpretation," we must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

was disabled casts doubt on his credibility. *See Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). Furthermore, substantial evidence supports the ALJ's additional findings that Handel was capable of independently performing daily activities, that Handel told doctors that medication reduced his pain levels, and that Handel failed to follow up on referrals made by his doctors. The ALJ reasonably relied on these findings to afford less weight to Handel's subjective testimony about his symptoms.

The ALJ did not err by discounting lay witness testimony from Handel's friend, who is also the mother of his son. The ALJ must provide valid, germane reasons to discount lay witness testimony. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2018). Here, the ALJ noted that the lay witness's testimony was inconsistent with the medical evidence from Handel's neurological exam. Handel argues that his neurological exam is not inconsistent with the lay witness's testimony because the neurologist noted that Handel had "worsening headaches" and "abnormalities on his brain MRI." To the contrary, the record indicates that the neurologist restated Handel's subjective statements about his headaches and referred him to other specialists for further testing. The neurologist also noted that Handel's headaches may be "rebound headaches" from his pain medication and recommended that Handel work with his primary care provider to reduce or change the amount of medication he was taking. Handel did not pursue additional

4

treatment according to the neurologist's suggestions, which undermines his and the lay witness's testimony about the severity of his condition. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Accordingly, substantial evidence supports the ALJ's residual functional capacity determination. In light of this determination, the ALJ did not err by concluding that Handel was not disabled because he could perform past relevant work as a general clerk. The ALJ's vocational hypotheticals were also supported by substantial evidence. Handel's challenges to this portion of the ALJ's decision depends on his attacks on the ALJ's residual functional capacity determination. For the foregoing reasons, these attacks fail. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**AFFIRMED.**