NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICKI S. WADE, <br><br>        Plaintiff-Appellant, <br><br>   v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br>        Defendant-Appellee. | No.  20-35327 <br><br> D.C. No. 6:18-cv-02157-BR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted June 9, 2021
Portland, Oregon

Before:  WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Vicki Wade appeals the district court's order affirming an administrative law judge's decision denying disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review the district court's order de novo to determine if the ALJ's decision contains legal error or is unsupported by substantial evidence.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). Finding legal error, we reverse and remand.

In assessing Wade's residual functional capacity, the ALJ "generously" considered Wade's subjective symptom testimony related to her mental health conditions and found the record evidence generally supported Wade's statements. However, the ALJ also found that Wade's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are *not entirely consistent* with the medical evidence and other evidence in the record for the reasons explained in this decision." The ALJ appears to have partially discounted Wade's testimony, and our caselaw requires the ALJ to provide specific, clear, and convincing *reasons* for doing so. *See Lambert v. Saul*, 980 F.3d 1266, 1277–78 (9th Cir. 2020). The ALJ, who did not have the benefit of our most recent guidance on the topic, failed to articulate those reasons; the district court, whose decision predated *Lambert*, did not review the ALJ's decision under its requirements.

In the absence of the ALJ's reasoning, we are unable to reasonably discern the ALJ's path. *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). To be sure, we confirm our precedent does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony . . . ." *Lambert*, 980 F.3d at 1277. But the ALJ's detailed overview of Wade's medical history—coupled with a nonspecific boilerplate conclusion that her testimony was "not entirely consistent" with her

medical treatment—was not enough to satisfy the minimal requirements for assessing credibility. *Id.* at 1277–78; *see Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Wade's symptom] testimony where, as here, the ALJ never identified *which* testimony she found not credible, and never explained *which* evidence contradicted that testimony."). Summarizing Wade's testimony about her limitations from her mental impairments, and later mentioning that her symptoms improved with medication and treatment, does not provide clear and convincing *reasons* to discredit that testimony. *See Lambert*, 980 F.3d at 1278. This is reversible error. *Id.* ("Because the ALJ did not provide enough 'reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence,' we cannot treat the error as harmless." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014))).

Wade also raises issues with the ALJ's discounting of medical opinion evidence from Wade's examining psychologist and the ALJ's failure to specifically discount lay statements from her husband. We need not address these issues because the error as to Wade's own testimony necessarily impacts the ALJ's treatment of other record evidence.

Because the ALJ's decision contains legal error, we also cannot ascertain

whether substantial evidence supports the ALJ's assessment of Wade's RFC. We decline, however, to apply the credit-as-true rule, as it is not *certain* that the ALJ would be required to find Wade legally disabled if the errors identified are corrected. *See* 42 U.S.C. § 405(g); *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (explaining the credit-as-true rule "was intended as a rare and prophylactic exception to the ordinary remand rule when there is no question that a finding of disability would be required if claimant's testimony were accepted as true"). We therefore reverse and remand[1] for reevaluation of the record evidence and further explanation of the result in conducting the sequential evaluation process under 20 C.F.R. §§ 404.1520(a) and 416.920(a).

**REVERSED AND REMANDED.**

---

[1] The ALJ here issued the decision before her appointment was ratified by the then-Acting Commissioner. *See* SSR 19-1P, 2019 WL 1324866, at *2 (Mar. 15, 2019). We express no opinion whether *Carr v. Saul*, 141 S. Ct. 1352 (2021), affects the outcome in this matter, as the parties have not raised the issue and we must remand for other reasons.