NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYA NOELIA FALLON, | No. 20-16884 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04704-MTL |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted November 18, 2021[**]
Phoenix, Arizona

Before: GILMAN,[***] CALLAHAN, and BRESS, Circuit Judges.

Mya Noelia Fallon appeals the decision of the district court that reversed the

Commissioner of Social Security's denial of her application for Supplemental

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Security Income Benefits under Title XVI of the Social Security Act because she is dissatisfied with the extent of the relief granted to her. She contends that the court should have remanded her case to the agency for an immediate award of benefits rather than for further proceedings. We review the court's decision under the abuse of discretion standard. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). For the following reasons, we **AFFIRM**.

1.  The district court concluded that the administrative law judge (ALJ) committed reversible error by (a) discounting the medical opinions of two examining doctors, Dr. Catherine O'Connell (a neuropsychologist) and Dr. Michael Rabara (a psychologist); (b) rejecting Fallon's symptom testimony; and (c) discounting third-party function reports submitted by Fallon's stepmother, father, and sister. Even after accounting for those errors, the court concluded that factual gaps and inconsistencies remained in the record that the ALJ should resolve.

2.  The Commissioner does not contest the district court's decision to remand the case for further consideration by the ALJ. This leaves, as the sole issue on appeal, Fallon's contention that the court abused its discretion by not going further to order that she be immediately awarded benefits.

3.  A district court evaluates whether to remand a case for further proceedings or for an immediate award of benefits under what is referred to as the "credit-as-true rule." Under that rule, the court asks (a) whether the "ALJ has failed

to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion," *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014) (citation omitted); and (b) "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful," *id.* at 1101 (citations and internal quotation marks omitted). If no outstanding issues remain and further proceedings would not be useful, only then does the court have discretion to find the "relevant testimony credible as a matter of law." *Id.* (citations omitted).

4. Fallon argues that the district court should have found that Dr. O'Connell's and Dr. Rabara's opinions were uncontradicted by other medical opinions in the record, that Fallon's symptom testimony should be credited as true, and that Fallon's family members' third-party function reports should also be credited as true, and should have thus remanded the case for an immediate award of benefits. But the district court did not err when it remanded the case for further proceedings because of the factual gaps and inconsistencies identified in the court's opinion. The court therefore had no reason to reach the third step of the credit-as-true rule and decide whether to find some or all of the testimony credible as a matter of law.

5. Fallon's reliance on *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017), does not persuade us otherwise because there were no inconsistencies or gaps in

3

Trevizo's record comparable to those in the present case. The immediate award of benefits by this court, as in *Trevizo*, is a "rare circumstance[]," *see Treichler*, 775 F.3d at 1101 (citation omitted), which further supports our conclusion that the district court did not abuse its discretion in remanding the case for further proceedings by the ALJ.

**AFFIRMED.**