NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELLY LYNNE JARRETT,

Plaintiff - Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant - Appellee.

No. 23-3565

D.C. No.
2:21-cv-01386-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Argued and Submitted October 10, 2024
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.**

Plaintiff Kelly Lynne Jarrett ("Jarrett") appeals a district court order

affirming the denial of her application for social security benefits under Title II of

the Social Security Act, 42 U.S.C. §§ 401-34. She alleged disability resulting from

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

anxiety, depression, and post-traumatic stress disorder. The Administrative Law Judge ("ALJ") agreed that Jarrett suffered from these impairments. The ALJ concluded, however, that Jarrett had sufficient residual functional capacity to perform a full range of work at all exertional levels with some additional limitations. The ALJ found that jobs exist in significant numbers in the national economy that Jarrett can perform and, as a result, she was not entitled to disability benefits. The district court affirmed the ALJ's decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Jarrett argues on appeal that the ALJ erred in declining to credit her testimony, evaluating the medical testimony, and failing to address lay witness testimony. We review de novo a district court's order affirming the denial of social security benefits by an ALJ and "reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012)).

The ALJ found that Jarrett presented medical evidence of her impairments. Thus, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)); *see also* SSR

16-3p, 2017 WL 5180304, at *3-8 (Oct. 25, 2017) (setting forth framework for evaluation of individual's symptoms).

The ALJ declined to fully credit Jarrett's testimony because she traveled to Africa and engaged in significant activities, she repeatedly expressed that her symptoms improved with treatment, and she generally had normal mental status examinations. These reasons provided a sufficient basis for the ALJ to decline to credit Jarrett's testimony and are supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (concluding that "[t]he ALJ could properly infer from" the claimant's international travel that he was not as "limited as he purported to be"); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (concluding that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective . . . testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's [impairment] and its disabling effects.").

Jarrett argues that her recent trip to Africa was less strenuous than previous trips. She also offers a different interpretation of the medical records relating to her improvement with treatment and points to other mental status examinations that tend to corroborate her testimony. But simply offering an alternative interpretation

of the record does not demonstrate the ALJ committed reversible error. *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) ("Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009))); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) ("The ALJ is responsible for resolving conflicts in the medical record."). Rather, the ALJ satisfied the requirement to "show [her] work" and provided more than one "rationale [that] is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. Thus, the ALJ's decision evaluating Jarrett's testimony is supported by substantial evidence.[1]

Jarrett's treating physician, Elena Rapoport, M.D., issued two opinions in which she opined that Jarrett had significant limitations. When considering medical opinions, an ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." 20 C.F.R. § 404.1520c(b).

---

[1] Jarrett also argues that the ALJ erred by failing to consider her positive work history. Even if the ALJ erred in failing to consider positive work history, the ALJ provided specific, clear and convincing reasons that are supported by substantial evidence to discount Jarrett's testimony. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (concluding that based on other valid reasons to discount a claimant's testimony, the invalid reason was harmless).

The ALJ discounted Dr. Rapoport's opinions because they were inconsistent with her progress notes reflecting normal mental status examinations and improvement with treatment, and a statement in one opinion that Jarrett's treatment was effective. These are valid reasons to find Dr. Rapoport's opinions insufficiently supported. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (affirming the ALJ's discounting of a doctor's "assessment of severe limitations [as] inconsistent with the medical record and with [the doctor's] own unremarkable mental status examinations" (internal quotation marks omitted)); *Tommasetti*, 533 F.3d at 1041 (holding that an ALJ may discount a doctor's opinions that are inconsistent with or unsupported by the doctor's own clinical findings); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); 20 C.F.R. § 404.1529(c)(3) (stating that a claimant's improvement with treatment is "an important indicator of the intensity and persistence of . . . symptoms").

The ALJ also explained the discounting of Dr. Rapoport's opinions by pointing to a Function Report, that described Jarrett's activities that the ALJ found inconsistent with the limitations described in Dr. Rapoport's opinions. Several of the limitations found by Dr. Rapoport were directly contradicted by Jarrett's self-

reported abilities. These reasons show that substantial evidence supports the ALJ's evaluation of Dr. Rapoport's opinions.

Jarrett argues that the ALJ erred by failing to consider Dr. Rapoport's longstanding treatment relationship with Jarrett and Dr. Rapoport's specialization as a psychiatrist when evaluating the persuasiveness of Dr. Rapoport's opinions. An ALJ is not required to explain how he or she considers secondary medical factors, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *See* 20 C.F.R. § 404.1520c(b)(2)-(3). The ALJ did not make such a finding here and thus was not required to discuss anything other than supportability and consistency.

Jarrett also argues that the ALJ did not properly evaluate the persuasiveness of the State agency's consulting physician Dr. Michael Dennis at the reconsideration stage. Jarrett contends that because the ALJ did not use the terms "supportability" or "consistency" in evaluating Dr. Dennis's opinion, the evaluation is insufficient under the regulations. The ALJ's consideration of these factors, however, is "clear from context," and we find no error on this ground. *See Woods v. Kijakazi*, 32 F.4th 785, 793 n.4 (9th Cir. 2022); *see also Molina*, 674 F.3d at 1121 ("Even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned."

(internal quotation marks omitted)), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Finally, Jarrett argues that the ALJ erred by failing to discuss lay witness testimony. It is an open question whether the new regulations affect the longstanding requirement in the Ninth Circuit that an ALJ must give germane reasons for rejecting lay witness testimony. We need not decide this issue here because any error would be harmless. *See Molina*, 674 F.3d at 1115. The ALJ did not err in discounting Jarrett's testimony. The lay witness statements do not describe any symptoms or limitations beyond those that Jarrett described. Thus, even if the ALJ were required to articulate germane reasons to discount lay witness statements, that error would be harmless. *See Molina*, 674 F.3d at 1122; *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED.**

23-3565