**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROLD NEWTON,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>　　　　Defendant-Appellee. | No.　18-16651<br><br>D.C. No. 3:17-cv-08247-DGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted March 5, 2021[**]

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.
Dissent by Judge CLIFTON

　　Harold Newton appeals the district court's judgment vacating the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Security Act and remanding to the agency for further proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision to remand for further proceedings. Leon v. Berryhill, 880 F.3d 1041, 1045 (9th Cir. 2017). We reverse and remand with instructions to remand to the ALJ for the calculation and award of benefits.

Here, the district court held that the ALJ erred by discounting the opinion of Claimant's **treating** doctor, the opinion of his **examining** doctor, and Claimant's **own testimony** concerning the extent of his symptoms. Additional medical evidence also supports the claim of disability. In deciding the scope of the remand, the district court reasoned that there were conflicting medical opinions in the record, but they came from **non-examining** doctors and a consultative examiner who saw Claimant only once, about two years before the date of the hearing and before much of the erroneously discounted medical evidence was developed.

The most closely analogous precedent is Trevizo v. Berryhill, 871 F.3d 664, 683 (9th Cir. 2017). There, the ALJ erroneously disregarded the treating physician's opinion, while accepting the contrary opinion of an examining physician, and erroneously rejected the claimant's pain testimony. The claimant had first sought benefits seven years before we issued our opinion. We remanded for an award of benefits. Id. Here, the ALJ's errors are similar, the record is complete, no legally sufficient evidence casts doubt on Claimant's disability, and

2

Claimant first sought benefits seven years ago.  Even though the claimant in Trevizo was older than Claimant is (age 65 there, versus age 46 at the time of the hearing in this case), a younger age alone does not preclude an award of benefits. See Smolen v. Chater, 80 F.3d 1273, 1278, 1292 (9th Cir. 1996) (remanding for an award of benefits for a claimant who was in her 30s and who had waited seven years for a disability determination).

**REVERSED; REMANDED WITH INSTRUCTIONS.**

No. 18-16651, *Newton v. Saul*

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. I cannot conclude that the district abused its discretion by remanding for further administrative proceedings rather than for an immediate award of benefits. *See Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000) (explaining that the authority to modify a decision without remand for further proceedings was "intended to be discretionary.").

"Congress entrusted the Commissioner with the power and authority to enact rules and regulations that govern the disability determination," and, in particular, to "make findings of fact, and decisions as to the rights of any individual applying for a payment under the Act." *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (citing 42 U.S.C. §§ 405, 421, 423) (internal quotation marks omitted). "For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress 'places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.'" *Treichler*, 775 F.3d at 1098 (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1996)). The ALJ, not the court, is responsible for determining credibility, resolving conflicts in testimony and medical opinions, and weighing evidence.

If a reviewing court determines that the Commissioner erred in some respect and the error is not harmless, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id*. at 1099 (internal quotation marks and citations omitted). "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule," *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017), applicable only "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (internal quotation marks omitted).

The district court concluded that further administrative proceedings would be useful because the record contained conflicting medical opinions and reflected doubt as to whether Newton was disabled. *See Treichler*, 775 F.3d at 1101 (explaining that administrative proceedings are generally useful when there is a need to resolve conflicts and ambiguities in the record and noting that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). That was not an abuse of discretion. On remand the ALJ might have discounted the opinions of Drs. Ohman and Patel for

2

legally sufficient reasons and accorded more weight to the conflicting opinions of the other medical professionals. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.") Ultimately, the "decision whether to remand for further development of the administrative record or to direct an immediate award of benefits is a fact-bound determination," which should be afforded discretion. *Harman*, 211 F.3d at 1177. I would affirm.