NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARBARA COLLINGS,

              Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

              Defendant-Appellee.

No.   20-35040

D.C. No. 4:19-cv-05024-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted May 5, 2021[**]
Seattle, Washington

Before:  BOGGS,[***] TASHIMA, and MURGUIA, Circuit Judges.

    Barbara Collings appeals the district court's decision affirming the

Commissioner of Social Security's denial of her application for disability insurance

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

benefits under the Social Security Act. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review the district court's decision de novo and reverse only if the Administrative Law Judge's ("ALJ") "decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The substantial-evidence standard is deferential. *See id.* at 1111 ("[W]hen the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, "[w]e review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

1.      The ALJ erred by discounting Collings's symptom testimony. If a claimant has presented medical evidence of an impairment that could reasonably be expected to cause her symptoms and "there is no evidence of malingering," the ALJ can reject the claimant's symptom testimony only by offering "specific, clear and convincing reasons for doing so." *See id.* at 1014–15 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Boilerplate language does not constitute "specific,

clear and convincing reasons." *See Trevizo v. Berryhill*, 871 F.3d 664, 678–79, 682 (9th Cir. 2017).

Here, the ALJ offered only a generic statement that Collings's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." In doing so, the ALJ erred because that boilerplate statement was not a sufficiently "clear and convincing" reason to discount Collings's testimony. *See id.* at 678–79, 682; *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (explaining that an ALJ "must specify what testimony is not credible and identify the evidence that undermines the claimant's complaints"). The Commissioner now offers several reasons to discount Collings's testimony, including Collings's purported failure to follow through with certain recommended treatments and Collings's apparent improvement with medication. But because the ALJ did not rely on these reasons for discounting Collings's symptom testimony, we cannot affirm the ALJ's decision on these grounds. *See Garrison*, 759 F.3d at 1010.

2.      The ALJ did not err in assigning "little weight" to the medical opinion of Dr. Jennifer Smith, a treating physician. In general, an ALJ is tasked with evaluating every medical opinion in the record. 20 C.F.R. § 404.1527(c). The ALJ is required to consider several factors in deciding how much weight to give a particular medical opinion—including the examining or treatment relationship, the

3

physician's specialty, supportability of the opinion, and consistency of the opinion with the record as a whole. *Id.* Generally, a treating physician's medical opinion is entitled to greater weight than a non-treating physician's medical opinion. *Garrison*, 759 F.3d at 1012. "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citation omitted).

In this case, the ALJ's decision provided sufficient "specific and legitimate" reasons for discounting Dr. Smith's opinion that Collings could not perform any type of work, which conflicted with Dr. Thompson's opinion that Collings could perform light work. The ALJ pointed out that Dr. Smith's opinion was brief and conclusory; the check-box form Dr. Smith filled out does not explain Dr. Smith's opinion beyond a diagnosis of "chronic back pain." *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (holding that an ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions") (quoting *Molina*, 674 F.3d at 1111). In addition, the ALJ pointed out that Dr. Smith's opinion was inconsistent with the medical record. This conclusion is supported by record evidence, including treatment notes indicating that Collings had only a mildly impaired gait and moderate decrease in her range of motion but was "doing well" after surgery, and by Dr. Thompson's opinion that Collings could sit and walk up to four hours in an eight-hour workday. *See Thomas v. Barnhart*, 278 F.3d 947, 957

4

(9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Therefore, the ALJ offered sufficient "specific and legitimate reasons" for discounting Dr. Smith's brief opinion. *See Garrison*, 759 F.3d at 1012.

Contrary to Collings's contention, there is no case law requiring the ALJ to specifically discuss each of the factors in 20 C.F.R. § 404.1527(c) when assigning weight to a medical opinion—the regulation simply states that the ALJ must "consider" these factors. From the discussion within the ALJ's decision, it appears that the ALJ did consider several of the relevant factors—including the treating relationship, supportability of the opinion by the record evidence, and consistency of the opinion with the record—in assigning Dr. Smith's opinion little weight. Therefore, the ALJ did not err in discounting Dr. Smith's opinion.

3. The ALJ did not err in assigning "great weight" to the opinion of Dr. Robert Thompson, an impartial medical expert who reviewed Collings's records but did not examine or treat her. The weight an ALJ gives to a non-examining physician's opinion "depends on the degree to which he provides supporting explanations for his opinions." *Id.* at 1012 (internal quotation marks, citation, and alterations omitted). Here, Dr. Thompson offered his opinion in the form of testimony at the hearing before the ALJ, in which he summarized the record

evidence he relied on and responded to questions from Collings's counsel about his conclusions. Therefore, the ALJ did not err in affording great weight to Dr. Thompson's opinion, since Dr. Thompson explained the basis for this opinion at length.[1] *See id.*

4. However, the ALJ erred by failing to mention or discuss the opinion of Dr. Melvin Wahl, a treating physician. An ALJ's failure to address and explicitly credit or reject a medical opinion is a legal error. *Id.* at 1012–13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Dr. Wahl opined that Collings could perform only sedentary work. The ALJ's failure to address Dr. Wahl's opinion or provide specific and legitimate reasons for discounting it was an error. *See id.* Although Collings failed to raise this specific error to the district court, the issue is a pure question of law for which the record has been fully developed, so we may address it here. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

5. Finally, the ALJ did not harmfully err by failing to discuss lay testimony from Collings's former coworker, Cris Torres. Torres's letter described a period of time before the disability onset date in very general terms, so the ALJ's failure to specifically address this evidence was harmless. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012–13 (9th Cir. 2003).

---

[1] In addition, it is clear from the ALJ's discussion that the ALJ considered the proper factors under 20 C.F.R. § 404.1527(c), including Dr. Thompson's specialty as an orthopedic surgeon and the supportability and consistency of his opinion.

6

6. Because of the errors with respect to Collings's symptom testimony and Dr. Wahl's opinion, the ALJ's determination that Collings could perform her past work—and therefore, that she was not disabled—was also erroneous. *See Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014). Collings contends that we should credit the improperly discounted or omitted testimony as true and remand for an award of benefits. We have "generally exercised this power when it is clear from the record that a claimant is entitled to benefits." *Garrison*, 759 F.3d at 1019. However, where "there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017). Here, there are various inconsistencies and conflicts in the record that lead us to conclude that further administrative proceedings would be useful—for example, Dr. Thompson's properly credited medical opinion contradicts Collings's testimony that she could not perform seated work. These conflicts should be resolved by the ALJ on remand, rather than by this court. *See id.* Therefore, we reverse the district court's decision affirming the denial of benefits and remand to the district court to remand the case to the ALJ. On remand, the ALJ should consider Collings's symptom testimony and Dr. Wahl's medical opinion.

**REVERSED AND REMANDED.**