NOT FOR PUBLICATION

FILED

JUL 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GINO R. QUARTUCCI, | No. 20-35740 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-06041-BAT |
| v. | |
| KILOLO KIJAKAZI,<br>Acting Commissioner of the Social Security<br>Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian A. Tsuchida, Magistrate Judge, Presiding

Submitted July 8, 2021**
Seattle, Washington

Before:  HAWKINS and IKUTA, Circuit Judges, and CALDWELL,*** District
Judge.

Gino R. Quartucci appeals the district court's judgment affirming the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Karen K. Caldwell, United States District Judge for
the Eastern District of Kentucky, sitting by designation.

Commissioner of Social Security's decision denying Quartucci's application for supplemental security income under Title XVI of the Social Security Act. We review the district court's decision de novo and may reverse the agency's denial of benefits only if it is not supported by substantial evidence or contains legal error. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017).

Quartucci argues that the administrative law judge ("ALJ") erred in discounting the opinion of examining psychologist Terilee Wingate, Ph.D., who opined that Quartucci had "marked" limitations in the ability to perform certain basic work activities. The ALJ, however, gave specific and legitimate reasons for rejecting Dr. Wingate's opinion, which was contradicted by the opinions of Dr. Brown and Dr. Donahue, and those reasons are supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ correctly determined that Dr. Wingate's opinion was not supported by her own evaluations or the treatment notes of Quartucci's treating therapists, none of which contains findings that would require the marked limitations that Dr. Wingate assessed. The ALJ further correctly noted that the marked limitations were not supported by the function report completed by Quartucci himself that indicated he engages in a wide range of activities.

Quartucci argues that the ALJ erred in giving little weight to the opinion of treating therapist Judith Oliver, who opined that Quartucci exhibited a "marked

inability to sustain a regular work routine . . . ." At the time that Quartucci filed his application for benefits, mental health counselor associates like Oliver were not considered "acceptable medical sources." *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) (applying regulations in effect at the time the social security claim is filed); 20 C.F.R. § 416.913(a) (effective Sept. 3, 2013 to March 26, 2017). Instead, Oliver would be considered an "other source." *See* 20 C.F.R. § 416.913(d) (effective Sept. 3, 2013 to March 26, 2017). For these sources, the ALJ must provide "germane reasons" for rejecting their opinions. *Leon*, 880 F.3d at 1046. The ALJ correctly determined that Oliver's opinion was not supported by her own treatment records showing "relatively benign findings." This is at least a germane reason for rejecting Oliver's opinion.

Quartucci argues that the ALJ did not properly evaluate the findings of treating ARNP Nancy Armstrong. But Armstrong did not provide an opinion as to Quartucci's ability to perform work-related functions, and Quartucci does not explain how Armstrong's treatment notes would support a finding that he is unable to perform any such functions.

Quartucci argues that the ALJ erred by failing to consider the notes of a Social Security facilitator who observed that, during his interview, Quartucci avoided eye contact and that he had a flat affect. Even if the ALJ erred in failing to

3

mention these comments, they do not indicate that Quartucci has greater limitations in the ability to perform work-related functions than the ALJ assessed.

Quartucci argues the ALJ incorrectly rejected his testimony that the reason he could not do even a simple, unskilled job was because "he would not be able to keep a consistent schedule," be "fully oriented," or know the "time, day, date, his location, or even who he was." The ALJ gave "clear and convincing" reasons for rejecting this testimony. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ determined that no evidence in the record supported such a limitation, and Quartucci points to no such evidence on appeal. In addition, in making the credibility determination, the ALJ gave "significant weight" to the non-examining state agency psychological consultants, both of whom determined that Quartucci was either not significantly limited in the ability to perform certain identified work activities or that he had only moderate limitations, which were incorporated into the Residual Functional Capacity ("RFC") assessment.

Further, the ALJ appropriately considered inconsistencies between Quartucci's testimony and his own reported conduct and activities. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). Quartucci reported or testified that he eats out, cooks, travels, does household chores, cares for his minor son, plays various musical instruments and video games, drives and uses public transportation, listens to lectures a few hours each week on

engineering, chemistry, and other complex sciences, shops twice a week for at least an hour, and engages in various other activities. The ALJ correctly determined that these activities were inconsistent with Quartucci's testimony regarding the reasons why his depression and anxiety would prevent him from working even a simple, unskilled job.

Quartucci argues that the ALJ erred in assessing his RFC and in relying on a vocational expert's opinion that Quartucci can perform jobs that exist in the national economy. For both assertions, however, Quartucci relies on the above arguments that the Court has rejected.

**AFFIRMED.**