**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUDRA E. HOPKINS

No.    19-15939

Plaintiff-Appellant,

D.C. No. 3:18-cv-08129-DGC

v.

MEMORANDUM[*]

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 7, 2022[**]

Before:   D.W. NELSON, BERZON and CHRISTEN, Circuit Judges.

Audra E. Hopkins appeals the district court's judgment vacating the

Commissioner of Social Security's denial of her application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Security Act and remanding to the agency for further proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's decision to remand for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). We affirm.

The parties agree with the district court's conclusion that the ALJ did not provide legally sufficient reasons for discounting the opinion of Hopkins's treating physician, Dr. Mary Janikowski.

The district court properly concluded that the ALJ did not provide "clear and convincing" reasons for discounting Hopkins's testimony about her pain and other symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) ("[I]f there is no evidence of malingering, 'the ALJ may reject the claimant's symptom testimony only by giving specific, clear, and convincing reasons.'") (citation omitted). The district court properly rejected the ALJ's conclusion that Hopkins's limited daily activities demonstrated that she "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The district court also properly concluded that the ALJ's selective and vague analysis of the medical record did not provide a clear and convincing basis

2

to discount Hopkins's symptom testimony.

Having determined that the ALJ discounted evidence for legally insufficient reasons, the district court applied this circuit's credit-as-true analysis to determine whether to remand for further proceedings or the payment of benefits. *See Leon*, 880 F.3d at 1045 (outlining steps of the analysis). The district court did not consider whether the improperly discredited evidence established disability because it first found that there were "outstanding issues that must be resolved before a disability determination can be made." *Id.*; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1105 (9th Cir. 2014) (concluding that the court is required "to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the claimant's testimony is credible as a matter of law") (emphasis in original).

The district court did not abuse its discretion in remanding for further proceedings. It identified "mixed" clinical findings in the record. It described in detail how the "normal" findings the ALJ emphasized co-existed with evidence suggesting Hopkins's impairments were more serious and limiting than the ALJ allowed. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*,

3

775 F.3d at 1101.

Similarly, the district court properly cited the conflict between Dr. Janikowski's opinion and the report of consultative examiner Dr. Efren Cano as a reason to remand for further findings about Hopkins's impairments. The two doctors reached different conclusions about Hopkins's limitations based on their respective clinical findings. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). The district court determined that although the ALJ recognized that Dr. Cano's opinion was based in part on outdated treatment records, it did give that opinion partial weight without specifying "why Dr. Cano's report was credible as to its other findings," or "which specific portions of [Dr. Janikowski's] testimony Dr. Cano's report discredits." This lack of explanation confirms that the district court's determination that there are outstanding issues requiring resolution was not an abuse of discretion.

The remand decision in a Social Security case "is a fact-bound determination that arises in an infinite variety of contexts," and properly consigned to the district court's discretion. *Harman v. Apfel,* 211 F.3d 1172, 1177 (9th Cir. 2000). The

4

district court did not abuse its discretion here.

**AFFIRMED.**