NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIK WILLIAM HOFFSCHNEIDER,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    18-15504

D.C. No. 4:16-cv-07383-DMR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted May 12, 2022
San Francisco, California

Before:  WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge WALLACE

Erik Hoffschneider ("Hoffschneider") appeals from the district court's

summary judgment affirming the decision of the Acting Commissioner of Social

Security ("Commissioner") to deny him disability insurance benefits under Title II

of the Social Security Act, 42 U.S.C. §§ 401–434.  The Commissioner adopted the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

findings of an administrative law judge ("ALJ") that Hoffschneider was not disabled because he did not meet a listed impairment and had the residual functional capacity to perform limited light work. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand with instructions to remand to award benefits.

## I.

At step three of the disability determination, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001); 20 C.F.R. § 404.1520(a)(4)(iii) (2013).[1] Where the record suggests a possibility the claimant's condition meets or equals a listed impairment, a boilerplate rejection at step three is reversible error. *See Lewis*, 236 F.3d at 512; *Marcia v. Sullivan*, 900 F.2d 172, 175–76 (9th Cir. 1990); 42 U.S.C. § 405(b)(1). The ALJ dispatched this step in one sentence. She found Listing 1.04[2] not met without addressing—at this or any step—multiple medical opinions indicating that Hoffschneider suffered from nerve root encroachment resulting in imperfect reflexes, limited mobility, and disabling back pain.[3] By failing to evaluate this evidence, the ALJ erred.

---

[1] All other code and statute citations are to the same year unless indicated.

[2] 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

[3] Among the omissions, the ALJ failed to discuss the findings of Dr. Alan Hunstock, relevant findings of Dr. Ronald Botelho, and relevant findings of Dr. A. Shabi Khari. These omissions are discussed in Part II.

**II.**

At step five, the Commissioner bears the burden of showing that the claimant can still perform other gainful activity in the national economy, given the claimant's residual functional capacity ("RFC"). *See Lewis*, 236 F.3d at 517; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). The ALJ must determine the RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).

Here, the ALJ erred in determining the RFC by "'cherry-pick[ing]' from . . . mixed results." *See Garrison v. Colvin*, 759 F.3d 995, 1017 n.23 (9th Cir. 2014) (quoting *Scott v. Astrue*, 647 F.3d 734, 739–40 (7th Cir. 2011)). According to the ALJ, treating physician Dr. Mary Berg reported that new pain medications were "working." In fact, Dr. Berg wrote that the medications "may be working OK" with respect to Hoffschneider's leg pain when supplemented by a nerve stimulator, but not with respect to his lumbar pain. The ALJ omitted any mention of Dr. Berg's follow-up report stating that Hoffschneider's "[p]ain [was] still not under control." The ALJ selectively cited the treatment records of Dr. Ronald Botelho and Dr. Cary Wheeler to suggest that Hoffschneider's pain was being managed despite reports from these and other physicians that his pain remained "[s]harp/stabbing, [b]urning, [and] [c]onstant," often at "8 out of 10" or "9/10"

intensity.  The ALJ erred by failing to provide "a detailed and thorough summary of the facts and *conflicting* clinical evidence" before stating her interpretations and conclusions.  *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (emphasis added).

The ALJ further erred by "reject[ing] . . . medical opinion[s] or assign[ing] [them] little weight while doing nothing more than ignoring [them], asserting without explanation that another medical opinion is more persuasive, or criticizing [them] with boilerplate language."  *Garrison*, 759 F.3d at 1012–13.  The ALJ gave partial weight to Dr. Berg's RFC-related opinions because, the ALJ stated, "there is no supporting objective evidence or testing" for them.  On the contrary, Dr. Berg cited months of patient interactions, diagnostics, and an MRI review in support of her opinion that Hoffschneider suffers mobility- and pain-related limitations, and so cannot work.

Dr. Berg also reviewed the findings of examining specialist neurosurgeon Dr. Alan Hunstock, whom the ALJ never cited.  The ALJ thus erred by not adopting Dr. Hunstock's diagnosis and supporting findings that Hoffschneider's "[l]umbar mechanics were significantly limited to about 30% of normal in all directions," that his right-ankle reflex was absent, and that a "protruding disk" was "encroach[ing] on [Hoffschneider's] S1 nerve root."  The ALJ likewise failed to adopt or explain her basis for rejecting Dr. A. Shabi Khari's diagnosis that

4

Hoffschneider suffers "[c]hronic lower lumbar degeneration with radiculopathy and persistent pain" and proposed limitation that Hoffschneider wear a back brace.

At oral argument, counsel for the Commissioner suggested that the ALJ had instead credited the opinions of two consulting physicians who never examined Hoffschneider. Even if that were true, the ALJ erred by failing to "provid[e] specific and legitimate reasons that are supported by substantial evidence" as to why she should credit the opinions of non-examining non-specialists above the opinions of treating physicians and examining specialists. *Garrison*, 759 F.3d at 1012 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)); *see also Reddick*, 157 F.3d at 725; 20 C.F.R. § 404.1527(c)(2), (c)(5). The ALJ's sweeping conclusion that "all medical source opinions support finding the claimant not disabled" reflects legal error and finds no support in the record.

### III.

The ALJ must also incorporate a claimant's credible symptom testimony into the RFC determination. *See* 20 C.F.R. §§ 404.1545(a)(3), 404.1545(e), 404.1529. The ALJ found that Hoffschneider's medical conditions could cause the kinds of symptoms he reported and did not find him to be a malingerer. Accordingly, the ALJ was required to give specific, clear, and convincing reasons why the claimant should not be believed—or else was required to credit the claimant's reported severity of symptoms. *See Garrison*, 759 F.3d at 1014–15.

5

The ALJ's reasons for discounting Hoffschneider's testimony were neither specific nor convincing. The ALJ's explanation that "medications have been relatively effective in controlling the claimant's symptoms" is unsupported by substantial evidence for the reasons discussed above. Moreover, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

The ALJ's explanation that "the claimant has admitted certain abilities" fares no better. The ALJ did not clarify what she meant by Hoffschneider having "certain abilities." If she meant basic daily activities like taking short walks and watching television or trying to return to work, as the Commissioner contends on appeal, this is unconvincing. "This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from h[is] credibility as to h[is] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1038–40 (9th Cir. 2007) (holding that the fact a claimant has tried but failed to work does not detract from his credibility).

Because the ALJ "cited no evidence of malingering and made no findings that would allow us to conclude that [s]he rejected the testimony on permissible grounds," she erred. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

**IV.**

This case merits remand for benefits through our infrequently applied credit-as-true rule. *See Garrison*, 759 F.3d at 1019–21; *see also* 42 U.S.C. § 405(g). Under our precedent, an award is warranted if:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.

Both sides acknowledge that the relevant medical record cannot be further developed in this matter. That record included uncontradicted medical opinions as well as claimant testimony establishing that Hoffschneider must walk during breaks or lie down during the day to relieve his extreme pain. As discussed above, the ALJ failed to provide legally sufficient reasons for rejecting those opinions and testimony. Finally, the vocational expert has already testified that if Hoffschneider were required to walk during breaks or lie down during the day, he would be unable to perform substantial gainful activity.

Once the improperly discredited evidence is credited as true, the vocational expert's testimony forecloses a determination that Hoffschneider can work. *See Reddick*, 157 F.3d at 729–30. Because no "serious doubt" remains that Hoffschneider is disabled, there is nothing left to decide. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). We therefore reverse and remand with instructions to remand to the Commissioner for a calculation and award of benefits.

**REVERSED AND REMANDED.**

*Erik Hoffschneider v. Kilolo Kijakazi*, Case No. 18-15504

WALLACE, Circuit Judge, concurring in part and dissenting in part:

I agree that the administrative law judge erred by not addressing conflicting medical opinions and clinical evidence, by not properly discussing relevant findings from certain medical opinions, and by not adequately considering Hoffschneider's testimony. However, I disagree that this case should be remanded for an immediate award of benefits. Therefore, I dissent from Part IV of the majority decision.

We remand for an award of benefits under the credit-as-true rule only in "rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). An automatic award of benefits in a disability benefits case is "a rare and prophylactic exception to the ordinary remand rule when there is no question that a finding of disability would be required if claimant's testimony were accepted as true." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

Here, the circumstances do not justify a departure from the well-established ordinary remand rule because the record is not free from conflicting evidence or ambiguities. Rather, the record raises questions as to the extent of Hoffschneider's impairment given the alleged inconsistencies between differing medical opinions

and clinical evidence, Hoffschneider's treatment history, and Hoffschneider's testimony and capacity to work.

Accordingly, I would remand to the administrative law judge for further proceedings consistent with our decision, rather than remand for an immediate award of benefits.