NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY G. SOUTHERN, Jr., | No. 21-16417 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01030-DJH |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted June 26, 2023[**]

Before:    CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

Billy G. Southern, Jr., appeals from the district court's judgment vacating

the Commissioner of Social Security's denial of Southern's application for

disability insurance benefits and supplemental security income under Titles II and

XVI of the Social Security Act and remanding to the agency for further

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review for an abuse of discretion the district court's decision to remand for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). We affirm.

The district court did not abuse its discretion in remanding for further proceedings, where it identified conflicts and gaps in the record that remain unresolved. *See id*. at 1047 ("When there are outstanding issues that must be resolved before a determination can be made, or if further administrative proceedings would be useful, a remand is necessary."). The district court determined that further proceedings were necessary for the ALJ to evaluate treating physician Dr. Anthony Lee's medical opinions in light of a supplemental statement submitted to the Appeals Council; properly assess Southern's subjective allegations and a lay witness statement; pose complete hypotheticals to the vocational expert; and reconcile a conflict as to the Dictionary of Occupational Titles number corresponding to Southern's past work. We reject Southern's contention that the district court erred by not crediting as true the improperly discounted evidence and awarding benefits. *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1105-07 (9th Cir. 2014) (where outstanding issues require

21-16417

resolution, reviewing court need not consider whether to credit claimant's testimony as true); *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (even where the credit-as-true prerequisites are met, reviewing court retains discretion to remand for further proceedings).

**AFFIRMED.**