**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN LUKE O'BRIEN, | No. 22-36061 |
| Plaintiff-Appellant, | D.C. No. 1:21-cv-00403-CWD |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted May 29, 2025[***]

Before: O'SCANNLAIN, GRABER, AND BERZON, Circuit Judges.

Benjamin Luke O'Brien appeals pro se from an order of the district court

remanding for further proceedings the Commissioner of Social Security's decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to terminate his prior award of disability insurance benefits pursuant to a continuing disability review under 42 U.S.C. § 405(g). We review for abuse of discretion the district court's decision to remand for further proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

1. The parties, and we, agree that the ALJ erred by failing to conduct the required comparative analysis of the medical evidence at step three of the eight-step sequential evaluation process used in continuing-disability determinations. *See* 20 C.F.R. § 404.1594(b)(7); *see also* 20 C.F.R. § 404.1594(b)(1). As a result of finding O'Brien medically improved at step three, the ALJ proceeded to the next step of the sequential evaluation. This error affected the ultimate nondisability determination and was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (discussing harmless error), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Under the "ordinary remand" rule, when the ALJ denies benefits and the court finds error, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler*, 775 F.3d at 1099 (citation and internal quotation marks omitted); *see also Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). An "automatic award of benefits in a

2

disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon*, 880 F.3d at 1044.

The district court appropriately determined that a remand for further proceedings was appropriate for development or review consistent with the regulations and findings of medical improvement. *Treichler*, 775 F.3d at 1100–01. Because the ALJ erred at step three by failing to conduct the required comparative analysis, further proceedings would serve the worthwhile purpose of determining whether O'Brien experienced improvement, in order to proceed to the next step in the sequential evaluation. *See id.* at 1101 ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate."); *see also* 20 C.F.R. § 416.994. Contrary to O'Brien's contention, the district court's decision to remand for further proceedings "did not deprive the petitioner[] of the opportunity to be heard . . . under the Fifth Amendment's Due Process Clause." *California ex rel. Lockyer v. F.E.R.C.,* 329 F.3d 700, 711 (9th Cir. 2003).

2. The district court did not abuse its discretion by denying O'Brien's request for a default judgment. *See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986) (stating standard). After O'Brien perfected service, the Commissioner filed the answer within the requested time period; therefore, the district court did not abuse its discretion.

3. The district court permissibly struck O'Brien's motion for summary judgment on the grounds that the motion was untimely and was filed contrary to the court's procedural order and the rules of procedure. *See* Fed. R. Civ. P. 6(b). Ultimately, the district court retains "broad discretion in supervising the pretrial phase of litigation." *Arakaki v. Lingle*, 477 F.3d 1048, 1069 (9th Cir. 2007) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992)) (internal quotation marks omitted). O'Brien fails to demonstrate "that the district court's management of the summary judgment . . . constituted an abuse of discretion." *Id*.

4. Finally, we deny O'Brien's "Motion for injunction pending appeal" at Docket Entry No. 23. O'Brien relies on the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *Loper Bright* overruled the *Chevron* doctrine, under which courts were required to defer to the Agency's reasonable interpretations of ambiguous statutes. *Id.* at 377–80, 412 (citing *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc*., 467 U.S. 837, 842–43 (1984)). But our reasons for denying O'Brien's previous motions for injunctive relief did not rely on *Chevron* deference. *See generally Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977) (discussing standards for injunction). Contrary to O'Brien's contention, the Social Security Act provides for the continued payment of benefits when there is "a timely request for a hearing" for a determination that

4

an individual is no longer entitled to benefits or when "an administrative review

prior to such hearing, is pending".  42 U.S.C. § 423(g)(1); *see also id.*

§ 1383(a)(7)(A).  Further, Agency regulations provide that continued benefits are

available following a court-ordered remand, pending a new decision.  *See* 20

C.F.R. § 404.1597a(i)(6), (c)(1).  Although O'Brien's motion for injunctive relief

fails, his continued benefits are payable upon remand for further proceedings.  *See*

*id.* § 404.1597a(i)(6).

**AFFIRMED**.